IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ASH L. VENCIL,

Petitioner,

vs.

BARD LIEWEN,

Respondent.

8:25CV350

MEMORANDUM AND ORDER

This matter is before the Court on preliminary review of Petitioner Vencil L. Ash's[1] Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The Court now conducts a preliminary review of Ash's Petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. In conducting this review, the Court has also considered the documents attached to Ash's Petition, Filing No. 1-1.

For the reasons discussed below, it appears Ash's Petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Ash to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations. Further, the Petition is missing several pages and is therefore deficient. This matter cannot proceed until Ash cures the deficiencies. The Court will also deny Ash's pending Motion for Appointment of Counsel without prejudice to reassertion.

---

[1] On the form Petition, Petitioner wrote his name "Ash, L, Vencil," so his name was docketed accordingly. Filing No. 1 at 1. On other documents, Petitioner refers to himself as "Vencil L. Ash." *See* Filing No. 5 at 1. A review of Ash's state court records, available to this Court online, show that Petitioner's name is Vencil L. Ash. The Court will refer to Petitioner in this Memorandum and Order as "Petitioner" or "Ash" and will instruct the Clerk of Court to update the docket to reflect Petitioner's correct name: Vencil L. Ash.

## I. BACKGROUND

In his Petition, Ash challenges his conviction for first-degree murder in the District Court of Kimball County, Nebraska. Filing No. 1 at 1. After a jury trial, on March 24, 2015, Ash was sentenced to life in prison. Filing No. 1 at 1, 2; *see also State v. Ash*, 878 N.W.2d 569, 574 (Neb. 2016). On May 20, 2016, the Nebraska Supreme Court affirmed Ash's conviction on direct appeal. *See Ash*, 878 N.W.2d at 585. Among the issues raised on appeal, Ash argued his trial counsel was ineffective for failing to offer a report showing female DNA on the barrel of the murder weapon. *Id*. at 583. The Nebraska Supreme Court concluded that Ash was not prejudiced by trial counsel's failure to offer the report because "[e]vidence at trial demonstrated that two females . . . came in contact with the gun after the murder but before the gun was recovered by police. Under the circumstances, the presence of female DNA evidence on the barrel of the gun was not exculpatory to Ash." *Id*.

A review of Ash's state court records, available to this Court online, show that he did not move for postconviction relief after the Nebraska Supreme Court affirmed his conviction.[2] However, on February 15, 2025, Ash filed a Petition for Writ of Habeas Corpus in the District Court of Kimball County, Nebraska.[3] As the basis for Ash's petition,

---

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Vencil L. Ash*, Case No. CR11-50, District Court of Kimball County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. A copy of the docket sheet JUSTICE record for Case No. CR11-50 is attached to this Memorandum and Order.

[3] The Court also takes judicial notice of the state court records related to this case in *Vencil L. Ash v. Nebraska*, Case No. CI25-10, District Court of Kimball County, Nebraska. A copy of the docket sheet, Ash's petition, and the order dismissing Case No. CI25-10 are attached to this Memorandum and Order. The Court notes that Ash used an AO 241 Form for his state court habeas petition.

2

he attached the same Forensic Laboratory Examination Report from the Colorado Bureau of Investigation (the "Report") that Ash attaches to the Petition in this case. The Report states, "A DNA profile was not developed from the swabs from the barrel end of the gun." Filing No. 1-1 at 3. It also stated that "[a]n interpretable DNA profile was not obtained from the swabs from the grip/magazine/trigger of the gun . . . other than to note that it is apparently female in origin." Filing No. 1-1 at 3. The state court dismissed Ash's habeas petition for lack of proper venue on May 19, 2025.

Ash filed this habeas Petition on May 15, 2025, and this Court's records reflect that this is Ash's first attempt at federal habeas corpus relief with respect to his conviction. Liberally construed, Ash claims he is actually innocent because the Report "shows it was not me," Filing No. 1 at 4, though the Petition is missing pages that may clarify the nature of Ash's claim.

## II. DISCUSSION

### A. Statute of Limitations

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

In the present case, it appears from the Petition and the state records available to the Court that Ash's claim is barred by the statute of limitations. Ash filed his Petition nearly a decade after his judgment became final. *See* 28 U.S.C. § 2244(d)(1). Ash's conviction for murder became final on August 18, 2016, when the 90-day period for Ash to seek direct review in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Absent an equitable exception, any claims related to Ash's conviction and sentence are barred by the statute of limitations.

Ash apparently recognizes that his Petition is untimely, and he suggests that the Report shows his actual innocence. Filing No. 1 at 7-8. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas corpus petitioner can overcome

4

the expiration of AEDPA's statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 569 U.S. at 386. To show actual innocence, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Narcisse v. Dahm*, 9 F.3d 38, 40 (8th Cir.1993).

Ash attempts to submit the Report in support of a claim that he is actually innocent. However, there is some concern about whether the Report is "new" evidence. *See McQuiggin*, 569 U.S. at 386. The Nebraska Supreme Court addressed a claim that trial counsel was ineffective for failing to offer a report of DNA evidence that, in part, showed female DNA on the murder weapon. *See Ash*, 878 N.W.2d at 583. Though it is not clear whether the Nebraska Supreme Court referenced the same report, there is at least a question about whether the Report is "new" evidence. Accordingly, the Court will require Ash to show cause why his Petition should not be dismissed.

## B. Deficiencies in the Petition

Additionally, Ash's Petition is deficient and unclear. The only ground for relief states, "Forensic report shows it was not me." Filing No. 1 at 4. To the extent Ash claims he is entitled to habeas relief because he is actually innocent, his claim is not cognizable. "The actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021). The Eighth Circuit has

5

specifically noted that "[t]he Supreme Court has not decided 'whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.'" *Feather v. United States*, 18 F.4th 982, 986 (8th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

However, the Court hesitates to construe Ash's claim because the Petition is missing several pages.  The Clerk's entry with the Petition at Filing No. 1 states "Pages 5, 8-12 are missing and were not received."  Based on these deficiencies, Ash's Petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner shall be granted leave to file an amended petition in accordance with this Memorandum and Order.

## C.  Request for Counsel

Ash requests the appointment of counsel.  Filing No. 2.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.    Ash is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations.  Failure to respond to this order will result in dismissal of this action without further notice to Ash for the reasons explained above.

2.    Ash's Petition, Filing No. 1, is insufficient as pleaded, and the Court shall not act upon it.  Ash shall have until **April 23, 2026**, in which to file an amended petition for writ of habeas corpus if he wishes to proceed with this case.  To be clear, if Ash wants to proceed with this case, in addition to the response showing cause, he must file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that identifies cognizable grounds upon which he seeks habeas relief.

3.    Ash's motion for appointment of counsel, Filing No. 2, is denied without prejudice to reassertion.

4.    The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **April 23, 2026**: check for response to show cause order and amended petition.

5.    The Clerk of Court is directed to amend the caption to reflect Petitioner's name as: Vencil L. Ash.

Dated this 24th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge