IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VENCIL L. ASH,

Petitioner,

vs.

BARD LIEWEN,

Respondent.

**8:25CV350**

**MEMORANDUM AND ORDER**

This matter is before the Court on what has been docketed as Petitioner Vencil L. Ash's ("Ash" or "Petitioner") motion for hearing, Filing No. 7, and motion for extension of time, Filing No. 8. As explained below, the Court will construe Ash's motion for hearing as his response to the Court's March 24, 2026, show cause order and will grant Ash's motion for extension of time. The Court will also direct the Clerk's office to file certain state court records which the Court inadvertently omitted from the March 24, 2026, show cause order.

On March 24, 2026, the Court reviewed Ash's habeas petition, Filing No. 1, and gave him until April 23, 2026, to show cause why this case should not be dismissed because it is barred by the statute of limitations and to also file an amended petition for writ of habeas corpus identifying cognizable grounds upon which he seeks habeas relief. Filing No. 6. On April 6, 2026, Ash filed a letter, which the Court docketed as a motion for hearing, but, upon closer review, is more properly construed as Ash's response to the Court's show cause order because Ash asserts arguments in support of his actual innocence and his request for a new state court criminal trial. Filing No. 7. Accordingly, the Court will terminate the motion event associated with Filing No. 7 and

have the Clerk of Court update the docket text to reflect that the Court will consider Filing No. 7 as Ash's response to the March 24, 2026, order to show cause.

On April 9, 2026, Ash filed a letter, which the Court liberally construes as a motion for an extension of time to file his amended petition. Filing No. 8. Ash indicated he was still waiting to receive copies of his legal paperwork from his prior institution. On September 4, 2026, Ash submitted a habeas petition and the $5.00 filing fee payment to the Court, and the Court docketed the petition in a new case—8:26CV506—because the filing did not indicate it was intended for filing in the present case. On September 18, 2026, the Court determined the petition in 8:26CV506 was more properly construed as an amended and supplemental petition intended for filing in the present case and directed the Clerk to file it as such. Filing No. 3, Case No. 8:26CV506. Thus, upon consideration, the Court will grant Ash's motion for extension and extend his deadline to amend his petition to September 4, 2026, to coincide with the filing of his amended and supplemental petition, which, to be clear, the Court considers as supplemental to the original petition.[1] *See* NECivR 15.1(b).

Lastly, in the course of reviewing the March 24, 2026, show cause order to address the foregoing motions, the Court noticed that the state court records referenced in the order were inadvertently omitted as attachments to the order. *See* Filing No. 6 at 2 n.2–3. The Court will provide the records to the Clerk of Court so that they may be filed as attachments to the March 24, 2026, order and will direct the Clerk of Court to provide copies of the records to Ash.

[1] The Court notes that the amended and supplemental petition is not signed by Ash, but instead was signed by his family member who indicated Ash "couldn't get pap[er] copy in the prison and asked us to get it filed . . . ." Filing No. 9. Ash did sign his original petition. Filing No. 1 at 9.

IT IS THEREFORE ORDERED that:

1. The Clerk of Court is directed to terminate the motion event at Filing No. 7 and update the docket text to reflect that the Court will construe Filing No. 7 as "Response to Show Cause Order on behalf of Petitioner Vencil L. Ash."

2. Petitioner's motion for extension of time, Filing No. 8, is granted consistent with this Memorandum and Order and Petitioner's amended and supplemental petition, Filing No. 9, is deemed timely.

3. The Court will provide the Clerk of Court with copies of the state court records referenced in the March 24, 2026, show cause order, and the Clerk of Court is directed to file the records as attachments to the March 24, 2026, order, Filing No. 6, and to send copies of the state court records to Petitioner.

4. Petitioner is advised that the next step in his case will be for the Court to review his response to the show cause order and his amended and supplemental petition to determine whether he has shown sufficient cause as to why this case should not be dismissed as barred by the statute of limitations. The Court will conduct this review and issue a ruling in its normal course of business.

Dated this 18th day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge